# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **PAULA J. MARQUES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| **UNIVERSITY OF ALABAMA** | ) | _____ |
| **BOARD OF TRUSTEES,** | ) | |
| **THAD TURNIPSEED in his individual** | ) | |
| **capacity, and DAN WOLFE in his** | ) | |
| **individual capacity,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress unlawful discrimination on the basis of sex and unlawful acts of retaliation taken against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), and the Fourteenth Amendment to the Constitution of the United States. The plaintiff asserts her claims for relief for the defendants' violations of § 1981 and/or the Fourteenth Amendment through 42 U.S.C. § 1983 (hereinafter "§ 1983"). The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.     JURISDICTION AND VENUE**

2.     The unlawful employment practices alleged hereinbelow were committed by the defendant within Tuscaloosa County, Alabama. Plaintiff is a resident of Tuscaloosa County, Alabama. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

3.     The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

**III.    PARTIES**

4.     The plaintiff, Paula J. Marques (hereinafter "Marques" or "plaintiff"), is a female citizen of the United States, and a resident of the State of Alabama. Plaintiff is a former employee of the defendant.

5.     The defendant, University of Alabama Board of Trustees (hereinafter "the University" or "defendant"), was the plaintiff's employer during the time period pertinent to this lawsuit. The defendant practiced its business and employed the plaintiff at one of its facilities located in Tuscaloosa, Alabama, in the Northern District of Alabama. At all times pertinent to this action the defendant employed more than fifteen (15) people and is thus an "employer" for Title VII purposes.

6.     Defendant, Thad Turnipseed (hereinafter "Turnipseed" or "defendant"), was at all times material to this action the Director of Facilities for the University and had served in that

position at all times. Defendant Turnipseed was a state actor for purposes of 42 U.S.C. § 1983. Defendant Turnipseed is sued individually pursuant to § 1983 for violations of the Fourteenth Amendment as further set out herein. Upon information and belief, Turnipseed a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

7. Defendant, Dan Wolfe (hereinafter "Wolfe" or "defendant"), is the current Associate Director for Facilities Planning for the University and has served in that position at all times material to this action. Defendant Wolfe is a state actor for purposes of 42 U.S.C. § 1983. Defendant Wolfe is sued individually pursuant to § 1983 for violations of the Fourteenth Amendment as further set out herein. Upon information and belief, Wolfe is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

**IV. ADMINISTRATIVE PREREQUISITES**

8. The plaintiff has satisfied all administrative prerequisites for filing suit under Title VII.

9. Plaintiff timely filed her charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth claims of sex discrimination and retaliation against the University within 180 days of the occurrence of each last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of Notices of Right to Sue issued by the EEOC with regard to each of her charges.

V. **STATEMENT OF FACTS AND CLAIMS**

10. The plaintiff became employed by the University of Alabama in Tuscaloosa, Alabama, as a facility analyst in 1994. In 1997 the plaintiff obtained her professional engineer registration and was then promoted by the University to a staff mechanical engineer position.

11. In January 2004, the plaintiff was informed that her employment was being terminated effective as of April 9, 2004, due to an alleged "reorganization" of her department by the Director of Facilities, Thad Turnipseed (male).

12. At the time of the alleged "reorganization" the plaintiff was one of four Staff Engineers within the department. The other staff engineers included Jeff Johnson (male mechanical engineer), Carey Lewis (male electrical engineer), and Frank Struss (male civil/mechanical engineer). Plaintiff was the only female Staff Engineer in the department.

13. As a result of the "reorganization" designed and implemented by Turnipseed the plaintiff was terminated and three "new" positions were created as follows: (1) civil engineer, (2) mechanical engineer, and (3) electrical engineer. Each of these "new" positions retained the same job description and duties as the respective positions prior to the "reorganization."

14. Struss was retained in the civil engineer position.

15. Johnson was retained to work on an alleged athletic department project. Johnson's job description and duties did not change from that of the mechanical engineer position he had held prior to the "reorganization" and he never changed job positions.

16. Johnson had less seniority than the plaintiff, less years as a registered professional engineer than the plaintiff, and a lesser educational degree than the plaintiff.

17. The plaintiff met the qualifications for this position, had previously filled this position and had adequately performed the job duties of this position.

18. As a result of the defendant's discriminatory actions as set forth above, the plaintiff filed a Charge of Discrimination with the EEOC in February 2004 alleging discrimination based on her sex, female.

19. Subsequently the plaintiff became aware of a vacant In House Project Manger position posted on the defendant's job line. The plaintiff met all the qualifications for this posted position and had at least 4-5 years of experience performing project manager duties while she had been employed as a staff mechanical engineer.

20. The plaintiff applied for this position in April 2004.

21. The plaintiff was not interviewed for the position and it was given to Rob Cooper, a thirty-two (32) year old male. Upon information and belief, Cooper was not as qualified for the position as was plaintiff. Upon information and belief, Cooper had not taken any prior actions to oppose unlawful discrimination by the defendant or to assert his federally protected rights.

22. This decision to hire Cooper instead of the plaintiff was allegedly made by Wolfe.

23. In October 2004 the plaintiff applied for two (2) more positions with the defendant: (1) Staff Engineer Mechanical, the plaintiff's original position prior to her termination, and (2) a

second In House Project Manager.

24.     The plaintiff met the qualifications for the Staff Engineer Mechanical position, had previously filled this position and had adequately performed the job duties of this position.

25.     The plaintiff interviewed for the mechanical engineer position and was subsequently informed on January 19, 2005, that the position was to remain vacant allegedly because the defendant did not have enough applicants.

26.     As set out above, the plaintiff met all the qualifications for the In House Manager position and had at least 4-5 years of experience performing project manager duties while she had been employed as a staff mechanical engineer.

27.     The plaintiff interviewed for the second In House Project Manager position in December 2004. Plaintiff was again denied this position. The singularly posted In House Project Manager position was then given to two (2) individuals: Doug McCurry (male) and Garnette Hatchett (female). Upon information and belief each of these individuals was less qualified for the position than plaintiff and had not taken any prior actions to oppose unlawful discrimination by the defendant or to assert their federally protected rights.

28.     Plaintiff was qualified for each position sought and was capable and able to perform the functions and duties of each position for which she applied.

29.     Plaintiff was discriminated against, was terminated and denied these positions based at least in part on her gender, female; and in retaliation for her opposition to said acts of sexual

discrimination.

30. The plaintiff asserted her federally protected rights and opposed discrimination based upon her good faith beliefs that she was being subjected to unlawful sexual discrimination and retaliation related thereto.

31. The unlawful conduct of the defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

32. The defendants' conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

### COUNT I - CLAIMS OF SEXUAL DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT UNIVERSITY OF ALABAMA BOARD OF TRUSTEES

33. The plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail hereinbelow.

34. The University unlawfully discriminated against the plaintiff on the basis of her gender, female, with respect to her termination, position, wages, denials of promotion, hiring, and other terms, conditions and benefits of her employment, as set out above.

35. Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

36. The plaintiff made repeated good faith and reasonable complaints of unlawful sexual discrimination against the defendant, and took good faith actions in opposition to sexual

discrimination by the defendant.

37. The defendant retaliated against the plaintiff for protesting and opposing sexual discrimination in the terms, conditions and benefits of her employment, including hiring, as set out above.

38. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

39. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

40. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT II – CLAIMS OF SEXUAL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT AGAINST DEFENDANTS TURNIPSEED AND WOLFE, IN THEIR INDIVIDUAL CAPACITIES (ASSERTED VIA 42 U.S.C. § 1983)

41. The plaintiff realleges and incorporates by reference paragraphs 1-40 above with the same force and effect as if fully set out in specific detail hereinbelow.

42. These defendants unlawfully discriminated against the plaintiff on the basis of her gender, female, with respect to her termination, position, wages, denials of promotion, hiring, and other terms, conditions and benefits of her employment, as set out above.

43. As set out above, the plaintiff made repeated good faith and reasonable complaints of unlawful sexual discrimination against the defendants, and took good faith actions in opposition to sexual discrimination by the defendants.

44. These defendants retaliated against the plaintiff for protesting and opposing sexual discrimination in the terms, conditions and benefits of her employment, including hiring, as set out above.

45. These defendants thus have violated the proscriptions against sex discrimination under the Equal Protection Clause of the Fourteenth Amendment.

46. Plaintiff asserts her claim for violation of her right to equal protection of the laws through the vehicle of 42 U.S.C. § 1983.

47. Plaintiff suffered damages as a proximate result of these violations, which were caused by governmental policy or custom and/or a failure to adequately train caused by deliberate indifference to the plaintiff's rights and/or by deliberate indifference to those violations.

48. Defendants Turnipseed and Wolfe, in their individual capacities, are not afforded immunity protection because a reasonable official in each of their respective positions would have known that his/her actions would violate a constitutional right that was "clearly established" at the time of the violations described herein.

49. The unlawful conduct of the defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

50. The defendants' conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

51. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is her only means of securing adequate relief.

52. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII and the Equal Protection Clause of the Fourteenth Amendment.

2. Grant the plaintiff an order requiring the defendants to make her whole by awarding her instatement into the position(s) she would have occupied in the absence of the discrimination by the defendant based on the plaintiff's gender and the unlawful retaliation by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), compensatory damages for emotional distress, and/or nominal damages. Plaintiff also seeks punitive

damages against defendants Turnipseed and Wolfe.

3. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

s/ Temple D. Trueblood
Ann C. Robertson
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

s/ Temple D. Trueblood
OF COUNSEL

**The Plaintiff requests this Honorable Court to serve via certified mail upon each named defendant the following : Summons, Complaint.**

**Defendants' Addresses:**

The University of Alabama Board of Trustees
c/o John B. Hicks
Secretary of The Board of Trustees
The University of Alabama System
401 Queen City Avenue
Tuscaloosa, Alabama 35401-1551

Thad Turnipseed
3606 Acorn Ave
Tuscaloosa, AL 35406-3648

Dan Wolfe
Associate Director for Facilities Planning
University of Alabama
1205 14th Street
Tuscaloosa, Alabama 35401

                                            s/ Temple D. Trueblood
                                            OF COUNSEL