IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PAULA J. MARQUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV 05-C-0505-W |
| ) | |
| THE UNIVERSITY OF ALABAMA, ) | |
| BOARD OF TRUSTEES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Comes now the Defendant, The Board of Trustees of the University of Alabama, by and through its undersigned attorneys, and answers the Amended Complaint and asserts affirmative defenses in the above-referenced civil action as follows:

1.  Admit that this action seeks damages and equitable relief and that plaintiff has requested a jury trial. Deny the remaining allegations of paragraph 1.

2.  Admit that venue is proper in the United States District Court for the Northern District of Alabama. Deny the remaining allegations of paragraph 2.

3.  Admit.

4.  Admit.

5.  Admit that the defendant, properly denominated as the Board of Trustees of the University of Alabama, was plaintiff's employer during some of the time pertinent to this lawsuit. Admit that defendant employed plaintiff in Tuscaloosa,

Alabama. Admit that defendant employs more that fifteen employees. Deny the remaining allegations of paragraph 5.

6. Deny. To the extent plaintiff has failed to satisfy all administrative prerequisites for filing suit under Title VII, this action is barred.

7. Deny.

8. Admit.

9. Admit that plaintiff was at some time informed that her employment with the defendant would terminate. Deny the remaining allegations of paragraph 9.

10. Admit that defendant employed Jeff Johnson as a mechanical engineer, Carey Lewis as an electrical engineer, Frank Struss as a civil/mechanical engineer, and plaintiff as a mechanical engineer prior to a reorganization of the Facilities Department operated by defendant. Admit that plaintiff is the only female among this group of engineers. Deny the remaining allegations of paragraph 10.

11. Admit that plaintiff did not retain her job after the reorganization. Deny the remaining allegations of paragraph 11.

12. Admit that Struss currently holds the position of civil engineer. Deny the remaining allegations of paragraph 12.

13. Admit that Johnson's formal job description and job title did not change. Deny the remaining allegations of paragraph 13.

14. Deny.

15. Deny.

16. Admit that plaintiff filed a charge of discrimination with the EEOC in February 2004, alleging sex discrimination. Deny the remaining allegations of paragraph 16.

17. Deny.

18. Admit.

19. Admit plaintiff was not interviewed for this position. Deny the remaining allegations of paragraph 19.

20. Admit that plaintiff applied for a Staff Mechanical engineer position and an In-House Project Manager position. Deny the remaining allegations of paragraph 20.

21. Deny.

22. Admit that plaintiff interviewed for the Staff Mechanical Engineer position. Deny the remaining allegations of paragraph 22.

23. Deny.

24. Admit that plaintiff interviewed for the second In-House Project Manger position and that she was not selected for that position. Deny the remaining allegations of paragraph 24.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Defendant incorporates by reference its answers to paragraphs 1-29 above.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

## PRAYER FOR RELIEF

Furthermore, in response to the prayer for relief in the plaintiff's Amended Complaint, the defendant denies that it is liable in any way to the plaintiff or that the plaintiff is entitled to any of the relief prayed for. Defendant answers the specific paragraphs pertaining to plaintiff's prayer for relief as follows:

1. Plaintiff's complaint fails to allege facts that reflect that defendant, its agents, successors, employees, attorneys and those acting in concert with defendant, has or is continuing to violate Title VII and fails to state a claim upon which a request for a permanent injunction can be based. Defendant denies that it has in the past or is currently continuing to violate plaintiff's Title VII rights.

2. Defendant denies that plaintiff is entitled to any of the relief requested and denies that it discriminated against plaintiff on the basis of sex.

3. Defendant denies that plaintiff is entitled to any other relief, including costs, attorneys' fees and expenses.

## ADDITIONAL DEFENSES

1. The complaint fails to state a cause of action on which relief may be granted, and plaintiff cannot establish a prima facie case of race, religion, or national origin discrimination.

2. The defendant is immune from suit under the doctrine of sovereign immunity.

3. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

4. Defendant denies that it discriminated in any respect against plaintiff based on her sex.

5. All actions taken toward plaintiff were based on legitimate, non-discriminatory factors and non-pretextual reasons and were not influenced in any fashion by her sex.

6. Without admitting that it acted in a prohibited manner based upon plaintiff's sex, defendant asserts that should the evidence establish that plaintiff's sex was considered, the same employment decision(s) would have been made in the absence of the alleged sex discrimination.

7. To the extent that plaintiff is basing any part of this action upon matters not specified within his EEOC charge, or not within the scope of his EEOC charge, or upon matters occurring more than 180 days prior to his EEOC charge, such claims which plaintiff has asserted or intends to assert are not permitted under Title VII of the Civil Rights Act of 1964, as amended.

8. Plaintiff has failed to exhaust or satisfy the administrative conditions precedent to filing all the allegations contained within his complaint.

9. Plaintiff's claims are barred, in whole or in part, by the appropriate statutes of limitations.

10. Plaintiff failed to exhaust his internal administrative grievance procedures available to him at The University of Alabama for all of his claims.

11. Other than those allegations expressly admitted herein, defendant denies each and every other allegation in plaintiff's Amended Complaint.

12. To the extent that plaintiff seeks equitable relief, her action is barred by the doctrines of laches, unclean hands, and/or estoppel.

13. Defendant is not subject to and is immune from punitive damages.

Wherefore, having fully answered the Amended Complaint, defendant requests that the Amended Complaint be dismissed with prejudice, that judgment be entered for defendant, and that defendant be awarded its costs and attorneys' fees herein plus such other general and equitable relief as this Court may deem just and appropriate.

Respectfully submitted,

*/s/ Michael I. Spearing*

Michael I. Spearing
Bar Number: ASB-4749-E52M
Norma M. Lemley
Lisa Huggins
Office of Counsel
The University of Alabama System
Box 870106
Tuscaloosa, AL  35487-0106
Tel.: (205) 348-5490
Fax.: (205) 348-8681
Email:  mspearing@uasystem.ua.edu
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ann C. Robertson
Temple D. Trueblood
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

*/s/ Michael I. Spearing*
Of Counsel