FILED
2005 May-18  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| PAULA J. MARQUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| UNIVERSITY OF ALABAMA | ) | CV-05-C-0505-W |
| BOARD OF TRUSTEES, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## REPORT OF PARTIES' RULE 26 PLANNING MEETING

1. <u>Appearances</u>:

   Pursuant to Fed.R.Civ.P. 26(f), a meeting of the parties' representatives was held on May 18, 2005.

   a. Appearing on behalf of plaintiff:

   Temple D. Trueblood, Esq.; Wiggins Childs, Quinn & Pantazis, L.L.C.

   b. Appearing on behalf of defendant:

   Michael I. Spearing, Esq.; Office of Counsel, The University of Alabama System.

2. <u>Parties</u>:

   a. The plaintiff shall have until July 18, 2005, to join any additional parties.

   b. The defendant shall have until August 15, 2005, to join any additional parties.

3. <u>Pleadings</u>:

   a. The plaintiff shall have until July 18, 2005, to amend the pleadings.

b. The defendant shall have until August 15, 2005, to amend the pleadings.

4. <u>Dispositive Motions</u>:

All potentially dispositive motions must be filed by January 6, 2006.

5. <u>Expert Testimony</u>:

Unless modified by stipulation of the parties, the disclosure of expert witnesses - including a complete report under Fed.R.Civ.P. 26(a)(2)(B) from any specially retained or employed expert - are due:

a. From the plaintiff: October 11, 2005;

b. From the defendant: November 8, 2005;

6. <u>Discovery Limitations and Cutoffs</u>: The parties jointly propose to the Court the following discovery plan:

Discovery is needed on the following subjects: liability, defenses and damages.

Settlement cannot be realistically evaluated prior to substantial discovery.

a. Unless modified by stipulation of the parties:

<u>Depositions:</u>

Maximum of 10 depositions by plaintiff and 10 depositions by defendant, with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties.

<u>Interrogatories:</u>

Maximum of 25 by each party, with responses due within 30 days after service.

<u>Request for Admission:</u>

Maximum of 25 by each party, with responses due within 30 days after service.

Request for Production:

Maximum of 30 by each party, with responses due within 30 days after service.

Supplementation:

Supplements under Rule 26(e), Fed.R.Civ.P., are due 30 days before the close of discovery.

b. Pre-discovery disclosure: The parties shall exchange the information required by Local Rule 26.1(a)(1) by June 7, 2005.

c. Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by December 6, 2005.

7. Pre-trial conference:

The parties request a final pretrial conference in March 2006.

8. Trial:

This case should be ready for trial by April 2006, and at this time is expected to take approximately 3-4 days for trial.

9. Final lists:

Final lists of trial witnesses and exhibits under Fed.R.Civ.P. 26(a)(3) must be served and filed:

a. By the plaintiff: Thirty (30) days before the trial date.

b. By the defendant: Thirty (30) days before the trial date.

Objections are to be filed within 15 days after service of final lists of trial witnesses and evidence.

10. Scheduling Conference:

The parties do not request a scheduling conference prior to the entry of the Scheduling order.

11. <u>Case Synopsis</u>:

    a. By the plaintiff: This is an action brought by the plaintiff, Paula Marques, against the defendant, University of Alabama Board of Trustees, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u>, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII") for unlawful discrimination on the basis of sex and unlawful acts of retaliation taken against the plaintiff. Plaintiff specifically alleges that the defendant discriminated against her based at least n part on her gender, female, with respect to her termination, position, wages, denials of promotion, hiring, and other terms, conditions and benefits of her employment. Plaintiff alleges the defendant also denied the plaintiff multiple employment positions based at least in part on her gender, female; and in retaliation for her opposition to acts of sexual discrimination.

    b. By the defendant: Defendant denies the allegations of sex discrimination and of retaliation as alleged in the Amended Complaint. All actions taken with respect to Plaintiff by the Defendant were based on legitimate, non-discriminatory, and non-pretextual reasons and were not motivated by Plaintiff's sex or in retaliation for Plaintiff's opposition to acts of sexual discrimination.

12. Counsel for the defendant has given plaintiffs' counsel permission to submit hereon his electronic signature for submission to the Court.

May 18th 2005.

                                          Respectfully submitted,

                                          /s/ Temple D. Trueblood
                                          Ann C. Robertson
                                          Temple D. Trueblood
                                          Counsel for Plaintiff

OF COUNSEL:

Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205-314-0500

/s/ Michael I. Spearing
Michael I. Spearing
Norma M. Lemley
Lisa Huggins
Counsel for Defendant

OF COUNSEL:
Office of Counsel
The University of Alabama System
Box 870106
Tuscaloosa, AL 35487-0106
205-348-5490